14

Semen LEYKIN, on behalf of himself
and all others similarly situated,
Plaintiffs–Appellants,

Frank Thomas, Ken Pearlman, Mike
Katto, at Home Suit Group, Inc., Kurt
Buettler, Gerry Galiger, Stan Cohn,
Channa Unger, Michael Eksler, Frei-
da Eksler and Ronald Ventura, Con-
solidated Plaintiffs–Appellants,

v.

AT & T CORPORATION, Kleiner, Per-
kins Caufield & Byers, C. Michael
Armstrong, Mark McEachen, Frank
Ianna, Charles H. Noski, Daniel H.
Somers, John C. Petrillo, John C. Ma-

lone, Edward S. Rogers, David M.
Woodrow, Hossein Eslambolchi, Bri-
an L. Roberts, Raymond Liguori,
Thomas A. Jermoluk, William R.
Hearst III and L. John Doerr, Defen-
dants–Appellees,

Cox Communications, Inc., Comcast Ca-
ble Communications, Inc. and Mohan
Gyani, Consolidated–Defendants–Ap-
pellees,

Patti Hart and Mufit Cinali,
Defendants.

No. 06–1583–CV.

United States Court of Appeals,
Second Circuit.

Jan. 30, 2007.

Christopher Lovell, New York, N.Y. (Gary S. Jacobson, Frederick W. Gerkens, III, New York, NY, on the brief), for Plaintiffs–Appellants.

David Carpenter, Chicago, IL (Stephen C. Carlson, Rachel Blum Niewohener, Chicago, IL; Edward R. Barillari, Lawrence J. Lafaro, Suzanne L. Montgomery, Bedminster, NJ, on the brief), for Defendants–Appellees AT & T Corp., C. Michael Armstrong, Hossein Eslambolchi, Frank Ianna, Raymond Ligouri, Charles H. Noski, Mohan Gyani, and Daniel H. Somers.

Sheron Korpus, New York, N.Y. (Michael D. Hays, Michael D. Rothberg, Daniel D. Prichard, Washington, D.C., Michael S. Shuster, James T. Cain, New York, NY, on the brief), for Consolidated–Defendants–Appellees Cox Communications, Inc., Comcast Cable Communications, Inc., David M. Woodrow, and Brian L. Roberts.

Jonathan E. Rich, Los Angeles, CA, for Defendant–Appellee Mark McEachen.

Jean–Marie L. Atamian, Henninger S. Bullock, New York, NY; Alan N. Salpeter,

Michele Odorizzi, John J. Tharp, Jr., Chicago, IL, for Defendants–Appellees Kleiner, Perkins Caufield & Byers, L. John Doerr, and Thomas A. Jermoluk.

Richard L. Brusca, Michael P. Kelly, Washington, D.C., for Defendant–Appellee Edward S. Rogers.

R. Stan Mortensen, Samuel J. Waldon, Nicholas A. Brady, Washington, D.C., for Defendant–Appellee John C. Malone.

Present AMALYA L. KEARSE, ROBERT A. KATZMANN, Circuit Judges, DAVID G. TRAGER, District Judge.*

## SUMMARY ORDER

On consideration whereof, it is hereby **ORDERED, ADJUDGED,** and **DECREED** that the orders of the district court, dated September 17, 2003, August 9, 2004, and March 23, 2006 (as amended on June 28, 2006), be and they hereby are **AFFIRMED.**

Plaintiffs-appellants appeal the order dismissing their first amended complaint ("FAC") and denying them leave to file second and third amended complaints. These three complaints all alleged, in pertinent part, that the defendants violated Sections 10(b), 14(a), and 20(a) of the Securities Exchange Act and the regulations promulgated thereunder, as well as committed common law fraud and breach of fiduciary in violation of Delaware law. *See* 15 U.S.C. §§ 78j(b), 78n, 78t(a); 17 C.F.R. §§ 240.10b, 240.14a–9. We assume the parties' familiarity with the facts, the proceedings below, and the specification of issues on appeal.

The primary thrust of the plaintiffs' complaint is that the AT & T defendants engaged in a secret scheme to convert At Home's proprietary technology and that this scheme, as well as misrepresentations related to it, led to a decline in the price of At Home's stock. To state a claim under § 10(b) and Rule 10b–5, plaintiffs must allege (1) a material misrepresentation (or omission), (2) scienter, (3) a connection with the purchase or sale of a security, (4) reliance, (5) economic loss, and (6) loss causation. *Dura Pharms., Inc. v. Broudo,* 544 U.S. 336, 341–42, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005). For substantially the reasons set forth by the district court, *see Leykin v. AT & T Corp.,* 423 F.Supp.2d 229 (S.D.N.Y.2006), the plaintiffs here have failed to allege that the AT & T defendants' conversion scheme was in connection with the purchase or sale of securities, *see, e.g., Mutual Shares Corp. v. Genesco, Inc.,* 384 F.2d 540, 545–46 (2d Cir.1967), and that any misrepresentation associated with that scheme was the cause of plaintiffs' loss under the standard set forth in *Dura Pharmaceuticals, Inc. v. Broudo,* 544 U.S. at 346–47, 125 S.Ct. 1627.

As to plaintiffs' claims under § 14(a), an "[o]mission of information from a proxy statement is actionable if either the SEC regulations specifically require disclosure of the omitted information in a proxy statement, or the omission makes other statements in the proxy statement materially false or misleading." *Seinfeld v. Gray,* 404 F.3d 645, 650 (2d Cir.2005) (internal quotation marks omitted). Here, nothing in the SEC regulations required that defendants disclose the AT & T defendants' misappropriation scheme, and that omission did not "make[ ] other statements

* The Honorable David G. Trager, District Judge, United States District Court for the Eastern District of New York, sitting by designation.

in the proxy statement materially false or misleading." *Id.* Because plaintiffs have failed to allege primary violations of § 10b or § 14(a), their claims of control person liability under § 20(a) must also fail. *See, e.g., Boguslavsky v. Kaplan,* 159 F.3d 715, 720 (2d Cir.1998) (holding that to bring a claim under § 20(a), a plaintiff must show, *inter alia,* "a primary violation by a controlled person").

■ Finally, plaintiffs' claims for common law fraud and breach of fiduciary duty of candor toward the shareholders are preempted by the Securities Litigation Uniform Standards Act, which provides that "[n]o covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging ... a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security." 15 U.S.C. § 78bb(f)(1).

We have considered all of plaintiffs-appellants' other arguments and find them without merit. Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**